[No. 5071.]
[No. 2637 C. A.]

The Costilla County Bank v. Willis.

**Appellate Practice—Assignments of Error—Objection Not Made at Trial.**

Where the only objection made at the trial to evidence of a custom was that it was immaterial, the objecting party who appealed cannot be heard to urge that such evidence was inadmissible because it did not show that the custom was reasonable or general. It would be manifestly improper for this court to pass upon an objection which a trial court was never given an opportunity to consider and which the party complaining took no steps whatever below to get the ruling of the court upon, as this court sits to review questions that are tried below and not to pass upon matters raised for the first time here.—P. 341.

*Appeal from the District Court of Rio Grande County.*

*Hon. Charles C. Holbrook, Judge.*

Action by the Costilla County Bank against William M. Willis. From a judgment in favor of defendant, plaintiff appeals.          *Affirmed.*

Mr. Ira J. Bloomfield, for appellant.

Mr. Justice Campbell delivered the opinion of the court:

· The appellant bank, as plaintiff below, brought suit against the appellee, defendant below, to recover a balance due on promissory notes. The defendant admitted that the balance sued for was due, and in his answer set up a counter-claim that he was a customer of the bank, and, as such, had made deposits of money therewith from time to time and had drawn checks against the account; that there was a balance due him on this account for a sum larger than the balance which he admitted to be due to plaintiff on the notes, and for this difference he asked judgment against the plaintiff. Upon trial before a jury, there was a verdict for defendant against the plaintiff in the sum of $14.84. To reverse this judgment this appeal is prosecuted.

The only question seriously argued is that the court admitted improper evidence with respect to a custom prevailing among bankers. There was a sharp conflict between the testimony of plaintiff's witness and the defendant with reference to the state of the bank account. The defendant, without objection from plaintiff, sought to show by plaintiff's cashier that when the bank furnished its customer with a pass book it was customary for the book to show all of the deposits made and all the checks drawn against it. This custom was denied by plaintiff's cashier, and defendant produced the cashier of another bank in that vicinity who testified that, in such circumstances, the custom was for the pass book to show the entire transaction between the parties. Defendant's pass book, as plaintiff claimed and as defendant denies, did not fully and completely show the state of the bank account. This testimony was

introduced for the purpose of throwing light upon that issue and as bearing upon the credibility of the respective witnesses.

The objection now made by counsel for appellant to the ruling of the court in admitting this testimony is that the evidence did not show that the custom or usage was certain, reasonable and sufficiently notorious and universal to afford a presumption that it was generally known or prevailing in that part of the country. Cases to that proposition are cited.

A careful examination of this record shows that the appellant should not now be heard upon this objection. At the trial it was not represented by the learned counsel who appears in its behalf in this court. No objection whatever was made below to the examination by defendant's counsel of the plaintiff's cashier with respect to this custom. When defendant later produced the cashier of another bank and questioned him with respect to it, the only objection plaintiff's counsel made was that it was immaterial whether or not the custom existed, not that the custom relied upon was not general, or that it was not established. No motion was made to strike out the testimony upon the ground that it did not establish a general custom, nor was there a request by plaintiff's counsel to have the jury instructed to disregard the evidence because of its insufficiency in that respect, or that a custom must be shown to be general, etc. In short, plaintiff took no steps whatever to bring to the attention of the trial court in any way the particular objection which, for the first time, it raises on this appeal. Of course, if the question of custom was an ultimate fact, proof of which was essential to a recovery, the objection that such proof was lacking would be pertinent at any time. But it would be manifestly improper for this court to pass upon an objection which the trial court was never

given an opportunity to consider, and when the party complaining took no steps whatever below to get a ruling of the court upon it. This court sits to review questions that are tried below, not to pass upon matters raised for the first time here.

The additional objection that the evidence is not sufficient to sustain the verdict is not good. There was confessedly a conflict in the testimony, and the solution of the controversy depended largely upon the credibility of the witnesses, which was a matter exclusively for the jury to determine.

Upon the grounds relied upon we cannot interfere with this judgment, and it is accordingly affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.